The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, AR 72115-1038
Dear Senator Hoofman:
I am writing in response to your request for my opinion on the following question regarding the range of permissible investments by political subdivisions of the state:
 Are money market mutual funds comprised solely of U.S. government securities, U.S. agencies securities and repurchase agreements (fully collateralized by treasuries and agencies) legal investments for Arkansas cities, counties, school districts and other governmental entities?
RESPONSE
In my opinion, with the exception of local police and fire pension funds whose assets exceed certain specified sums, I believe the answer to this question is "no."
In the enclosed Ark. Op. Att'y Gen. No. 89-310, my predecessor discussed in detail the investment authority of municipal entities of the sort referenced in your request. I fully subscribe to my predecessor's analysis, which I will not here repeat in detail. As my predecessor noted, A.C.A. § 19-8-104 sets forth the general rule that, with certain limited exceptions, public funds should be deposited in banks located in the state of Arkansas.[1] My predecessor further noted that municipal entities may generally invest in United States bonds, various types of local and state bonds and in-state certificates of deposit. Subsection19-1-504(b) of the Code specifically authorizes school districts to invest in general obligation bonds of the United States, in bonds, notes, debentures, or other obligations issued by an agency of the United States Government, in general obligation bonds of the State of Arkansas, or in bank certificates of deposit." Since the issuance of my predecessor's opinion, the legislature has enacted Act 583 of 1993, the Local Government Joint Investment Trust Act, which is currently codified at A.C.A. § 19-8-301 et seq. The Act authorizes any ten or more local governments to create a trust for joint investment of their assets in certain specified types of investment vehicles. See A.C.A. §§ 19-8-304 and -308.
As my predecessor correctly noted in Opinion 89-310, with the exception of certain retirement funds, the Code does not authorize the investment of public funds in mutual funds. See also the attached Ark. Op. Att'y Gen. No. 87-343 (opining that mutual funds investing exclusively in securities backed by the full faith and credit of the United States do not themselves qualify as "bonds of the United States" in which a county might invest).
The range of permissible investments by political subdivision retirement systems as a general category is set forth at A.C.A. § 24-2-201 and does not authorize investment in mutual funds of any sort. However, under limited circumstances, the Code does permit local police and fire department retirement systems to invest in mutual funds. With respect to locally administered police pension and relief funds, A.C.A. §24-11-410(c) provides:
 (1) In those pension and relief funds in which assets exceed five hundred thousand dollars ($500,000), the board of trustees may employ an investment advisor as defined in § 24-10-402 (a)(1)(B) to invest the assets, subject to the terms, conditions, limitations, and restrictions imposed by law upon the Arkansas Local Police and Fire Retirement System [LOPFI], as provided by §§ 24-10-401—24-10-411.[2]
(2) Investments shall not be limited to interest-bearing bonds.
With respect to locally administered firemen's pension and relief funds, A.C.A. § 24-11-805(d) provides:
 [I]n those pension and relief funds in which assets exceed one hundred thousand dollars ($100,000),[3] the board of trustees may employ an investment advisor as defined in § 24-10-402(a) to invest the assets, subject to the terms, conditions, limitations, and restrictions imposed by law upon [LOPFI], as provided by § 24-10-401 et seq. Investments shall not be limited to interest-bearing bonds, certificates of deposit, and time deposits.
Assuming a local pension fund has met the minimum-asset provisions just referenced, these statutes provide that the fund's board of trustees, operating through an investment adviser, might invest in whatever instruments are authorized under LOPFI.
In the attached Ark. Op. Att'y Gen. No. 99-405, I opined that under the LOPFI investment guidelines, a local police pension fund that had met the minimum-assets requirement might retain an investment adviser to invest its assets in a mutual fund, subject to the condition that the fund must be "no load" unless the pension system's assets exceed $5 million. I based this conclusion upon the following provision of A.C.A. §24-10-402, which directs the scope of permissible investment under LOPFI:
 (a)(2)(G) [U]ntil the assets of the system amount to at least five million dollars ($5,000,000), the funds of the system not in the checking account may be invested in shares of no-load mutual funds,
each of which shall have the following characteristics:
 (i) The mutual fund shall be an open-end diversified investment company registered under the Federal Investment Company Act of 1940, as amended;
 (ii) The management company of the investment company shall have been in operation for at least ten (10) years and shall have assets under management of more than one hundred million dollars ($100,000,000); and
 (iii) There shall be no sales charge for purchasing shares of the fund and no redemption charge for selling the shares. . . .
(Emphasis added.)
Applying the foregoing to your specific question, I believe that the only local governmental entities authorized to invest in mutual funds are police and firefighters' pension and relief funds that have met the minimum-asset requirement and retained an investment advisor.[4] I further believe an investment advisor for any such system would be authorized to invest only in no-load mutual funds unless the system's assets exceeded $5 million. Finally, I believe it is immaterial to my analysis that the mutual funds at issue are relatively secure money market funds that invest exclusively in government-backed securities. In my opinion, the operative fact is that these mutual funds are private corporations, whose stock constitutes a permissible investment only for police and firefighters' pension and relief funds under the limited circumstances outlined above.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Section 19-8-101 of the Code (Supp. 2001) defines the term "public funds" as meaning "any and all kinds of funds handled by treasurers, collectors, commissioners, sheriffs, and clerks."
[2] As discussed in detail in Ark. Op. Att'y Gen. No. 2001-155, LOPFI is a state-administered retirement system for local police officers and firefighters. As I explained in my previous opinion, under current law, it is possible that certain members of a local department will be covered under LOPFI while others (whose membership predated the creation of LOPFI in 1983) might be covered under a locally administered fund.
[3] Until the legislature enacted Act 901 of 1999, this threshold figure matched the $500,000 applicable to police pension funds. I am unaware of what prompted the amendment.
[4] I should note that A.C.A. § 24-10-402 recites no minimum-asset requirement conditioning LOPFI's investment authority as the state-wide administrator of local police and firefighters' pension systems. I suspect the legislature declined to impose any such requirement on LOPFI because the system's assets comprise a very substantial pool collected from various jurisdictions, rendering any minimum-asset requirement unnecessary.